UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDWARD DONALD BURLEY,

               Petitioner,                            Case No.  1:13-CV-0599

v.                                         HON. ROBERT J. JONKER

DAVID LESLIE and G. BALL,

               Respondents,

_____/

**OPINION AND ORDER**
**APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

The matter before the Court is the Magistrate Judge's Report and Recommendation (docket no. 37), filed on August 18, 2014.  The Plaintiff filed a set of objections to the Magistrate Judge's Report and Recommendation (docket no. 39) on August 28, 2014.

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, and the Plaintiff's objections to the Magistrate's Report and Recommendation. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

The Report and Recommendation carefully examines the Plaintiff's claims in the light most favorable to the Plaintiff's view of the facts, and finds that the Plaintiff's claims against both Defendants concerning retaliation, RLUIPA, and state law fail to satisfy the PLRA's requirement of exhaustion.  Plaintiff has not objected to these aspects of the Report and Recommendation, and so the Court accepts them based on the lack of timely objection.

The Report and Recommendation also finds the Plaintiff's First Amendment Free Exercise claim against Defendant Leslie meritless, except as to the alleged refusal to allow Plaintiff to participate in Jewish group religious services.  Plaintiff objects to the Report and Recommendation's conclusions on this claim.  The Court agrees with the Magistrate Judge that summary judgment for Defendant Leslie is appropriate on all aspects of the Free Exercise claim except the alleged refusal to allow Plaintiff to participate in Jewish group religious services.  The Court further concludes that the portion of Plaintiff's Free Exercise Claim that survives summary judgment includes all Jewish group religious services, both Friday night services and Festival or Holiday services, such as Passover.

## I.  BURLEY'S OBJECTIONS

The Plaintiff raises three objections on his Free Exercise claim, all of which fail to persuade the Court.  First, the Plaintiff objects to the Magistrate Judge's recommendation of summary judgment to the Defendants on the aspect of his First Amendment claim concerning his allegation that he was not provided with literature on Judaism.  But the Plaintiff never specified exactly what literature he sought, and similarly fails to do so in his objection.  Moreover, the Plaintiff may request specific literature at this time and may in fact receive it.  Second, the Plaintiff asserts that the Magistrate Judge failed to address the aspect of Plaintiff's First Amendment claim concerning the alleged denial of "access to Passover."  However, the Magistrate Judge's discussion of Plaintiff's alleged exclusion from Jewish group religious services implicitly addresses the Plaintiff's concern, as participating in Passover activities is an example of participating in a Jewish group religious service.  Third, the Plaintiff asserts that the Magistrate Judge failed to address the aspect of his First Amendment claim concerning the placement of a Torah in the visitation area.  However, the Magistrate Judge noted at the onset that only one of the Plaintiff's grievances addressed the issues raised in his amended complaint, and proceeded to list the five statements that Plaintiff made in that grievance—a request for a Torah in the visitation area was not among them.  The clear inference to be drawn from the Magistrate Judge's omission is that the Plaintiff's failure to make this particular request in his grievance precluded his opportunity for relief, rendering a merits evaluation of that aspect of the claim unnecessary.

## II.  CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 37) is approved and adopted as the opinion of the Court.  The Court will proceed on the Free Exercise claim alleging denial of access to Jewish religious services.

**IT IS SO ORDERED**.


Dated:  September 17, 2014                          /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    UNITED STATES DISTRICT JUDGE