UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

          Plaintiff,

v.

DAVID LESLIE and G. BALL,

          Defendants.

_____/

Case No. 1:13-cv-599

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C.
§ 1983.  This matter is now before the Court on defendant Chaplain Leslie's motion for partial
summary judgment  (docket no. 156).

### I.      Plaintiff's claim

Plaintiff's remaining claim in this action involves a First Amendment claim against
Chaplain Leslie alleging denial of access to Jewish religious services, i.e., plaintiff's Free Exercise
Claim that he was denied access to "all Jewish group religious services, both Friday night services
and Festival or Holiday services, such as Passover."  *See* Opinion and Order (docket no. 39,
PageID.436).  Chaplain Leslie has now filed a motion for partial summary judgment with respect to
plaintiff's claim that the Chaplain refused to allow him to participate in Passover 2011 (the only
holiday service relevant to this action).

## II. Defendant's motion for summary judgment

### A. Legal standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.    First Amendment claim against Chaplain Leslie

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws.  *Burnett v. Grattan*, 468 U.S. 42, 45 n. 3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996).  To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

The First Amendment provides in pertinent part that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."  It is well established that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  The Supreme Court has recognized that "[i]nmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion," *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (internal citation omitted), and that "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendment without fear of penalty," *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). However, limitations on the exercise of these constitutional rights "arise both from the fact of incarceration and from valid penological objectives - including deterrence of crime, rehabilitation of prisoners, and institutional security."  *O'Lone*, 482 U.S. at 348 (internal citations and quotation marks omitted).  In balancing these considerations, the evaluation of penological objectives is committed to the considered judgment of prison administrators who are charged with and trained in

3

the running of the particular institution under examination.  *Id.* at 349.  To ensure that courts afford appropriate deference to prison officials, the Supreme Court has "determined that prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights."  *Id.*

Here, Chaplain Leslie contends that plaintiff's First Amendment Free Exercise Claim with respect to festival or holiday services should be dismissed because "(1) 2011 Passover is the only holiday [p]laintiff claims Chaplain Leslie interfered with, and (2) Chaplain Leslie did not have authority to transfer [p]laintiff to a facility that provided Passover services." Defendant's Brief (docket no. 157, PageID.812).  In the context of this lawsuit, it appears that plaintiff's understanding of the "Passover Services" which he was denied involve: (1) "a celebration of the freedom of the Jewish people out of the land of Egypt" with "the Passover Feast," i.e., attendance at a Passover Seder; (2) the ability to purchase food marked "Kosher for Passover;" and, (3) having his meals prepared without "leavening agents" for consumption during Passover.  Amend. Compl. at ¶¶ 16-17; Prisoner Kite (docket no. 6-3, PageID.69).

In his brief, the Chaplain concedes that the Richard A. Handlon Correctional Facility, where the Chaplain was employed and where plaintiff was incarcerated, "did not offer Passover services as of 2011" and that the only way plaintiff could have participated in Passover that year would have been through a transfer to a facility that offered this service.  Defendant's Brief at PageID.810.  Chaplain Leslie contends that plaintiff's cause of action must fail because he lacked authority to transfer plaintiff to a correctional facility to attend a Passover service in 2011.  In this regard, the Chaplain cites case law applicable to retaliation (i.e., whether a prison employee can be liable for retaliation when they lacked authority to perform an adverse action) and for refusal to grant

4

official recognition to a religious group (i.e., whether a prison employee had authority to grant such recognition under the MDOC's Policy Directive).  *Id.* at PageID.809.

However, this is not a case involving retaliation or official recognition of a religious group under an MDOC Policy Directive.  The issue in this case is whether the Chaplain interfered with plaintiff's free exercise of religion.  The claim raised in the Chaplain's motion for summary judgment is whether the Chaplain's failure to recommend plaintiff for a transfer to a different facility which offered a religious service and kosher food that were not available at the prisoner's facility violated plaintiff's free exercise.  The Chaplain did not cite a policy directive or submit an affidavit explaining the extent of his authority to recommend a transfer of plaintiff to another correctional facility on religious grounds or the procedure involved in such a transfer.  Nor did the Chaplain develop any legal argument relevant to this particular First Amendment claim.  Rather, the Chaplain relied on plaintiff's response to a hypothetical posed in a deposition question, in which plaintiff explained *his* understanding of the MDOC's transfer procedure, i.e., that "all transfers are ultimately approved through Lansing" and that "there has to be a transfer order for this individual." Defendant's Brief (docket no. 157, PageID.810-811).  Plaintiff's speculation regarding the MDOC's procedures for transferring prison inmates is not evidence sufficient to support Chaplain Leslie's motion for summary judgment.

Viewing the record in the light most favorable to plaintiff, the Court concludes that genuine issues of material fact exist with respect to whether the Chaplain's failure to recommend plaintiff for a transfer to a different correctional facility that provided a Passover Seder and food that was kosher for Passover interfered with plaintiff's First Amendment rights.  Accordingly, Chaplain Leslie's motion for partial summary judgment should be denied.

### III.     Recommendation

For the reasons set forth above, I respectfully recommend that Chaplain Leslie's

motion for partial summary judgment (docket no. 156) be **DENIED**.


Dated:  August 12, 2016                                    /s/ Ray Kent_____
                                                           RAY KENT
                                                           United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).