UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

        Plaintiff,

                                            CASE NO. 1:13-CV-599

v.

                                            HON. ROBERT J. JONKER

DAVID LESLIE and G. BALL,

        Defendants.

_____/

**OPINION AND ORDER RE
REPORT AND RECOMMENDATION**

        The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No.188) and Defendant's Objections to the Report and Recommendation (ECF No. 189). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. The Court has also reviewed the entire record of the case, including the filings on a previous parallel issue in the case.

The Plaintiff's remaining claim in this action involves a First Amendment claim against Chaplain Leslie alleging denial of access to Jewish religious services at the Macomb Correctional Facility (ECF No. 39, PageID.436) and denial of transfer to the Jackson facility for access to Passover festivities (ECF No. 163, PageID.856, 858). Chaplain Leslie moved for partial summary judgment on Plaintiff's claim as to his alleged denial of transfer to the Jackson facility for access to Passover festivities (ECF No. 157). Chaplain Leslie argued that he was entitled to summary judgment on that issue because the Plaintiff admitted that the only holiday at issue was the 2011 Passover, it is undisputed that the Macomb facility (where Defendant is employed and Plaintiff is incarcerated) did not offer Passover holiday services at the time and, as chaplain, he had no authority to transfer Plaintiff to a facility that provided Passover services (ECF No. 157, PageID.810, 812). The Report and Recommendation recommends that Defendant's motion be denied because Defendant failed to provide sufficient evidence establishing that he had no authority to transfer Plaintiff (ECF No. 188, PageID.918). Defendant Leslie objects that the record as a whole establishes beyond genuine dispute that he had no authority to order transfer of Plaintiff's custodial setting to another facility (ECF No. 189).

The Court credits Defendant's objections on this point and respectfully disagrees with the Magistrate Judge's recommendation. The Magistrate Judge correctly found that it is undisputed that the Macomb facility did not provide Passover services in 2011 and that the only way that Plaintiff could have attended these services would have been through a transfer to the Jackson facility (ECF No. 188, PageID.917). In assessing the scope of Defendant's authority, however, the Magistrate Judge overlooked Defendant's affidavit stating that he "[has] no authority to transfer a prisoner or approve a religious menu request" (ECF No. 17-3, PageID.194). Defendant's statement is consistent with Operating Procedure 05.03.150-A, which only allows a prisoner to be approved for a transfer once the CFA Special Activities Coordinator grants the special meal request. (ECF No. 189-1, PageID.920-922). Plaintiff admitted the same as well when he stated in his deposition that "all transfers are approved through Lansing" (ECF No. 157-2,

PageID.830). The Court previously relied on this unrefuted record evidence of Defendant's lack of transfer authority to reject Plaintiff's parallel kosher meal claim (ECF No. 39).[1]

Because Defendant has properly established that no genuine issue of material fact exists as to his lack of transfer authority and the inability of Plaintiff to attend Passover services without a transfer, Plaintiff's claim fails as a matter of law. Defendant's motion for partial summary judgment is granted on this issue.

**ACCORDINGLY, IT IS ORDERED** that Defendant's objection (ECF No. 189) to the Report and Recommendation of the Magistrate Judge (ECF No. 188) is sustained, and Defendant's motion for partial summary judgment on the claim alleging denial of transfer to access Passover festivities (ECF No. 156) is **GRANTED**. The Court will proceed on the Free Exercise claim alleging denial of access to Jewish religious services at the Macomb Correctional Facility.

**IT IS SO ORDERED**.

Dated:   September 1, 2016          /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court does not agree with Defendant that the prior ruling amounts to law of the case. However, the Court continues to believe the ruling was based on a proper reading of the factual record and applicable laws. Plaintiff's own deposition admission simply strengthens the factual record in favor of Defendant on this issue.